UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Anthony O'Leary

    v.                                              Civil No. 07-cv-269-JM

Richard Gerry, Warden,
New Hampshire State Prison

**O R D E R**

Pursuant to 28 U.S.C. § 2254, pro se petitioner Anthony O'Leary has filed a petition for a writ of habeas corpus and amendment thereto, challenging his New Hampshire state court conviction (document nos. 1 and 5). The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings).

For the reasons stated below, I find that the petition does not at this time make a facially sufficient showing that O'Leary is entitled to relief. I therefore order him to amend the

petition to demonstrate exhaustion of Ground Two before I will direct that the petition be answered.

## Background

Convicted on June 23, 2005 by the New Hampshire Superior Court (Strafford County) of first degree murder, O'Leary was sentenced to life imprisonment without the possibility of parole. He is currently incarcerated at the New Hampshire State Prison ("NHSP"). He filed a direct appeal of his conviction with the New Hampshire Supreme Court ("NHSC") in which he raised the following ground: whether the trial court committed reversible error when it instructed the jury that it could consider provocation manslaughter only after it unanimously acquitted O'Leary of first and second degree murder. See State v. O'Leary, 153 N.H. 710, 712, 903 A.2d 997, 999 (2006). Specifically, O'Leary argued that the trial court erred by treating provocation manslaughter as a lesser-included offense of first degree murder and, as a result, erroneously instructed the jury that it could consider provocation manslaughter only if it first acquitted him of first and second degree murder. Id. He further argued that based on the "acquittal first" instruction, the jury was not able to properly consider whether it should have reduced his

intentional murder of the victim to provocation manslaughter. Id. The NHSC affirmed his conviction on August 24, 2006, holding that the trial court's error was harmless beyond a reasonable doubt. See id. 153 N.H. at 717, 903 A.2d at 1003.

On July 6, 2007, O'Leary filed a pro se motion for new trial with the New Hampshire Superior Court (Strafford County) in which he raised the following ground: ineffective assistance of counsel based on counsel's failure to obtain and present at trial evidence of O'Leary's mental health to support his mitigation defense of provocation manslaughter and lack of premeditation and deliberation.[1] The superior court denied his motion without a hearing on August 20, 2007 and subsequently denied his motion for reconsideration. The record is unclear as to whether O'Leary sought further appellate review of his motion for new trial. While he has provided this Court with a copy of a NHSC order declining a notice of appeal on October 30, 2007, he has failed to provide a copy of that appeal or identify the issues raised therein.

O'Leary now brings the instant petition in which he alleges the following two grounds for federal habeas corpus relief:

---

[1] O'Leary has not provided this Court with copies of his motion for new trial or state court appeals.

1.   the trial court's "acquittal first" instruction on first degree murder, which the NHSC found was error, deprived O'Leary of his Sixth Amendment right to a jury trial on provocation manslaughter (Ground One); and

2.   trial counsel's failure to obtain and present evidence of O'Leary's mental health deprived him of his Sixth Amendment right to effective assistance of counsel (Ground 2).

### Standard of Review

In reviewing a pro se petition, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

### Discussion

I.   Custody and Exhaustion

To be eligible for habeas relief, O'Leary must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is

4

not required, such as the absence of an available or effective state corrective process). See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995). He satisfies the first requirement as he is currently incarcerated at the NHSP and thus is in custody. However, O'Leary fails to satisfy the second requirement because the petition does not demonstrate that he has fully exhausted his state remedies with regard to Ground Two. Nor has he alleged sufficient facts to suggest that effective state court remedies are unavailable to him.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to

the federal nature of the claim)).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In the instant petition, O'Leary raises two grounds for federal habeas corpus relief.  Ground One, alleging denial of the Sixth Amendment right to a jury trial on provocation manslaughter, appears to be exhausted.  Ground One is similar to the ground raised by O'Leary in his direct appeal presented to the NHSC for review.  While he could have presented his federal constitutional issue in a more direct and precise manner, his appeal was minimally sufficient to apprise the NHSC of the federal constitutional dimension of his claim.  Accordingly, I conclude that he has demonstrated exhaustion of Ground One for purposes of federal habeas review.

Ground Two, alleging denial of the Sixth Amendment right to effective assistance of counsel, is unexhausted.  There is no indication that O'Leary presented the claim or the federal nature of the claim to the NHSC for review.  In an attempt to

demonstrate exhaustion, he has provided this Court with a copy of a NHSC order declining his notice of appeal on October 30, 2007. However, he has failed to provide a copy of the notice of appeal or identify the issues raised therein.  Consequently, it is unclear whether he has exhausted his state court remedies with regard to Ground Two of his federal petition.  I will afford him an opportunity to amend his petition to demonstrate exhaustion.

To demonstrate exhaustion, O'Leary must provide this Court with copies of any motions, petitions, notices of appeal, briefs and any other orders and/or final judgments pertaining to his state court proceedings.  See Smith v. Digmon, 434 U.S. 332, 333 (1978) (discussing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts).  In particular, he should provide this Court with a copy of the notice of appeal that was declined by the NHSC on October 30, 2007.  To the extent his claim is unexhausted, he may need to return to the state courts to fully present his unexhausted claim and the federal nature of that claim before he can make the required amendment to his federal petition.

II.  Stay

The Supreme Court has held that a district court should stay a habeas corpus petition if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics.  See  Rhines v. Weber, 544 U.S. 269, 278-79 (2005) (permitting a federal district court to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in state court).  See also Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) (district court may retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies).  Staying unexhausted claims may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack.  Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely").  For the foregoing reasons, I will order the proceedings stayed and the petition

held in abeyance, pending O'Leary's complete exhaustion of state remedies.

### Conclusion

For the reasons stated above, I will allow O'Leary an opportunity to amend his petition to demonstrate exhaustion of state remedies. Should he decide to proceed in state court, he must commence the state court proceedings within thirty (30) days of the date of this order. I will order the proceedings stayed and the petition held in abeyance pending his complete exhaustion of state remedies. The stay will be issued under the following two conditions:

> 1. O'Leary is ordered to contact this Court every 90 days, beginning from the date of entry of this order, and inform the court of the status and pendency of his state court proceedings, if any, and the disposition of any appeal or related matter.
>
> 2. Within 30 days following any ruling and/or notification by the New Hampshire Supreme Court on the claims at issue, and the exhaustion of such claims, O'Leary must notify this Court of the ruling and submit all briefs or other pleadings filed in the state court proceedings; he must also file a request with this Court, stating that his state court matter has been disposed of and that he wishes to terminate the stay and have this Court further consider his petition.

Failure to comply with either condition may result in

dismissal of the petition without prejudice.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: January 30, 2008

cc:   Anthony O'Leary, pro se